**JOANNA P. SHERIDAN (CA SBN 260090)**
**LAW OFFICES OF DOUGLAS L RAPPAPORT**
260 California Street, Suite 1002
San Francisco, CA 94111
Telephone: (415) 989-7900

Attorney for Defendant
**EMIL BABADJOV**

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 16-CR-00204 LJO SKO |
| Plaintiff, | **MOTION FOR PRETRIAL RELEASE** |
| v. | Date: April 3, 2017 |
| EMIL BABADJOV, | Time: 2:00 p.m. |
| Defendant. | Dept: Courtroom 7 |
| | Hon. Sheila K. Oberto |
| | U.S. Magistrate Judge |

TO THE UNITED STATES OF AMERICA, PLAINTIFF, AND GRANT RABENN, ASSISTANT UNITED STATES ATTORNEY; AND TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that on the 3rd day of April, 2017 at 2:00 p.m., before the Honorable Magistrate Judge Oberto, defendant EMIL BABADJOV, by and through counsel, will move this Court to grant defendant Pretrial Release.

This motion is made on the grounds that defendant can demonstrate a set of conditions which this Court could impose which will reasonably assure Mr. Babadjov's appearance and the community's safety.

This motion is based on the attached Memorandum of Points and Authorities, the records and pleadings on file herein, and such further argument, authorities and evidence as may be adduced

1

1 prior to the determination of this motion.

2       Respectfully submitted this 21st day of March, 2017

5           By:    /s/
**JOANNA P. SHERIDAN**
Attorney for Defendant
**EMIL BABADJOV**

## STATEMENT OF FACTS

Opiate addiction knows no socioeconomic bounds, and in this case it devastated the life of Emil Babadjov, a 32-year-old college graduate with no prior convictions. By outward appearance, life was good to Emil: he grew up with a supportive family and had access to education and employment opportunities. And yet, by the time he graduated from the University of California Santa Barbara with a bachelor's degree in economics, Emil was a "functional addict." After college he worked as an investment analyst and then as the head of a real estate start-up, but as his drug abuse progressed, his ability to perform slipped and his life spiraled downward . By the time of his arrest on December 14, 2016, Emil was living in a rundown apartment in San Francisco's Tenderloin and, to support his habit and himself, was allegedly selling heroin and fentanyl through the website Alpha Bay. He is currently being prosecuted for selling approximately three grams of a mixture containing heroin and fentanyl to an undercover DEA agent.

On December 16, 2016, a detention hearing was held in the Northern District. After considering evidence regarding his potential flight risk and whether his release posed a danger to the community, the Court released Emil on a $200,000 bond with his father to act as surety and custodian. Conditions were imposed prohibiting his use of computers and requiring that he reside at a local drug treatment facility. Emil was released and entered the drug treatment program, but within two weeks he had tested positive and was discharged. Emil left the program in violation of the Court's order and went back out on the street. Undoubtedly, Emil was focused on how to get more heroin but to his credit did not flee. Instead, he voluntarily appeared in court at the next hearing date of January 3, 2017, knowing that he would likely be remanded.  He was and the case was transferred to the Eastern District.

When Mr. Babadjov appeared in this district on January 9, 2017, undersigned counsel did not seek his release because it was unclear whether any combination of conditions would suffice to ensure his appearance and community safety. Now that he has been in custody for three months, there is a sufficient change in circumstances to warrant reconsideration of his release. Three months in jail forced Mr. Babadjov to go through detoxification "cold turkey" and he is now sober for the

first time in a decade. He is thinking more clearly and can appreciate how much harm he has brought upon himself and others. He also knows that it will not be easy for him to remain sober when he is eventually released from this case and wants to develop relapse prevention skills. He has attended weekly AA sessions in custody and is now asking this Court for a second chance to participate in a structured, residential, drug treatment program.

Mr. Babadjov has been evaluated by West Care and found suitable for placement in their residential drug treatment program. (See, letter from Admissions Specialist Michelle Allen, attached as Exhibit A). Participation in residential drug treatment will ultimately increase community safety by helping Emil to identify his triggers and develop coping skills so that he does not relapse when he is eventually released. Moreover, because he will be far from San Francisco, has been forced to detox, has no passport and will submit to electronic monitoring or other appropriate conditions imposed by this Court, his release to West Care's custody will not pose a flight risk.

## PROPOSED CONDITIONS OF RELEASE

Pursuant to 18 USC § 3142(c)(1)(B), Mr. Babadjov proposes the following specific conditions of release that will ensure his appearance in court and the safety of the community:

1. Release to the Custody of West Care's Residential Treatment Program;
2. No Controlled Substances and drug testing;
3. No computers or internet access;
4. Promissory Bond with his father, Vladimir Babadzhov, as surety;
5. Electronic Monitoring, if recommended by Pretrial Services.

## MEMORANDUM OF POINTS AND AUTHORITIES

The Ninth Circuit has declared that pretrial release should be denied in only rare cases; that any doubts should be resolved in favor of release; and that the government bears the burden of clearly showing that there is "a serious risk that the person will flee." 18 U.S.C. § 3142(f)(2); *United States v. Gebro*, 948 F.2d 1118 (9th Cir. 1991); *United States v. Townsend*, 897 F.2d 989 (9th Cir.

1990); *United States v. Motamedi*, 767 F.2d 1203 (9th Cir. 1985).

As this Court is well aware, cases involving a maximum term of imprisonment of ten years or more prescribed in the Controlled Substances Act trigger a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community. 18 U.S.C § 3142 (e)(3). To evaluate the evidence rebuttal evidence the court is to balance the nature of the charges and the strength of the government's case, the characteristics of the defendant, and his/her dangerousness to the community if released. 18 U.S.C. § 3142(g). The weight of the evidence is the least important of the factors. However, if the evidence is weak, that factor favors release. The evidence need only "reasonably assure" that the defendant will not flee; absolute guarantees are not required. *United States v. Orta*, 760 F.2d 887, 881, 884 n.4 (8th Cir. 1985)(en banc).

This is a presumption case in that Count I of the Indictment, 21 U.S.C §§ 841(a)(1) and 841(b)(1)(C), carries a maximum term of 20 years imprisonment. However, the competent evidence before the Court sufficiently rebuts the presumption and reasonably assures that Emil Babadjov will appear before this Court for the remainder of his criminal case and poses no threat to the community's safety.

## CONCLUSION

For the forgoing reasons documenting that Emil Babadjov is neither a flight risk nor poses a danger to the community, it is respectfully requested that he be release on a promissory bond.

Respectfully submitted this 21st day of March, 2017

By:    /s/
       **JOANNA P. SHERIDAN**
       Attorney for Defendant
       EMIL BABADJOV

# EXHIBIT A



**WESTCARE**

March 10, 2017

RE: Emil Babadjov
DOB: 12/23/1984

To Whom It May Concern:

The purpose of this letter is to inform you that Emil Babadjov has been found suitable for placement in WestCare's residential treatment program. He has been added to the waitlist for Fresno County funded treatment. Fresno County currently funds 60 days of residential treatment followed by 90-180 days of aftercare. If Emil Babadjov is found releasable to WestCare he will be picked up at Fresno County Jail by WestCare staff when his name comes to the top of the waitlist.

If you desire further information, please feel free to contact me at:
(559) 237-3420 # 20304 or michelle.allen@westcare.com.

Respectfully,

*Michelle Allen*
Michelle Allen
Admissions Specialist